# Exhibit "A"

**William J. Fox, Esquire**
**Law Offices of William J. Fox, P.C.**
**Attorney I.D. No. 69898**
**100 N. 20th Street, Suite 303**
**Philadelphia, PA 19103**
**215-546-2477**

**ATTORNEY FOR PLAINTIFF**

Filed and Attested by the Office of Judicial Records 03 AUG 2026 02:42 pm G. IMPERATO

| | | |
|---|---|---|
| **JACQUELINE FOGLIETTA MONZO**<br>**2200 Benjamin Franklin Parkway**<br>**E1014**<br>**Philadelphia, PA 19130**<br>**Plaintiff**<br>**v.**<br><br>**CITY OF PHILADELPHIA**<br>**C/O CITY LAW DEPARTMENT**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102**<br>**Defendant** | : | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**NO. 260401458** |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with he court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NAT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Reference Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone; 215-238-6333
TTY: 215-451-6197

AVISO

I e han demandado a usted en la corte. Si usted quiere defenderse de estademandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplavoal partir de la fecha de la demanda y la notificacion, llacc lalta a senta una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s?? persona. Sea a visado que si ysted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previa aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perde? dinero o sus propiedades o otros de rechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIA LAMENIE S?? NO LLENE ABOGADO O SI NO LLENE EL DINERO SUFFICIENLL DI PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE INCUENIRA ESCRIIA ABAJO PARA AVERIGUAR DONDI SI PUIDI CONSEGUIR ASISIENCIA LEGAL.

Servicio de Referencia Legal
Uno Reading Centro
Filadelfia, PA 19107
Telefono: 215-238-6333
TTY: 215-451-6197

**WILLIAM J. FOX, ESQUIRE**
**Law Offices Of William J. Fox, P.C.**
**Atty. Id. No. 69898**
**100 N. 20th Street, Suite 303**
**Philadelphia, PA**
**Attorney for Plaintiff**

| | | |
|---|---|---|
| **JACQUELINE FOGLIETTA MONZO**<br>**2200 Benjamin Franklin Parkway**<br>**E1014**<br>**Philadelphia, PA 19130**<br>**Plaintiff**<br>**v.**<br><br>**CITY OF PHILADELPHIA**<br>**C/O CITY LAW DEPARTMENT**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102**<br>**Defendant** | : | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**NO. 260401458** |

## COMPLAINT

1. This Court has jurisdiction over this matter under Title VII of the 1964 Civil Rights Act, et seq., giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil Rights Jurisdiction pursuant to 28 U.S.C. § 1347.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district, regularly conduct business in this district and the incidents in controversy occurred in this district.

## PARTIES

4. Plaintiff, Jacqueline Foglietta Monzo, is Caucasian and her color is white. Plaintiff

resides at the above-captioned address.

5. Defendant, City of Philadelphia (hereinafter referred to as "City"), is a municipality that employs more than 1000 employees. At all times relevant, City was the employer of Plaintiff.

**FACTS**

6. Plaintiff has been employed by the City since May of 2017.

7. In July of 2024, Plaintiff sought and was approved for a transfer from working for the Civil Division of the Philadelphia Municipal Court to working as a Criminal Court Clerk for the Court of Common Pleas and Municipal Court.

8. Plaintiff began her employment as a Criminal Court Clerk on July 29, 2024 and started her training on August 20, 2024.

9. Plaintiff's immediate supervisor during the training period was Angela Russell, (African-American). Katrina Young (African-American) was the designated supervisor to take over after Plaintiff completed training

10. The training class consisted for two African-American females, two Caucasian females (including Plaintiff) and one Caucasian male.

11. Ms. Russell conducted the training which included in-class training and observation-time in the courtrooms.

12. From the onset of the training, Ms. Russell treated Caucasian trainees with disdain.

13. During the time that Plaintiff underwent training, she was subjected to race discrimination, harassment and hostile work environment at the hands of Ms. Russell, which includes, but is not limited to, the following:

a. Being ridiculed, embarrassed and humiliated when asking questions during training. The African-American trainees were encouraged to ask questions and treated with respect and dignity by Ms. Russell.

b. Being denied training materials in such an egregious manner so as to sabotage Plaintiff's training and to set her up for failure. The African-American trainees were afforded all training materials and were afforded in-class training and courtroom training that was denied to Plaintiff and other Caucasian trainees.

c. Being denied courtroom training and/or receiving substantially less courtroom training then the African-American trainees.

d. Creating an atmosphere of fear and intimidation toward the Caucasian trainees while advancing the careers of the African-American trainees and providing them with training that was denied to Plaintiff and other Caucasian trainees.

e. Falsely accusing Plaintiff of failing to perform certain functions when she had not yet been trained in these functions and/or had not been provided the necessary materials and equipment to perform these functions.

f. The denial of training was so egregious that Plaintiff was forced to train herself and when training herself properly, she was still subject to ridicule and unfair criticism.

g. Being told, in a racist and derogatory manner, that some people were not cut out to do the job of court Clerk.

14. The discrimination and harassment against the Caucasian trainees was so bad that one female Caucasian trainee left the training two weeks after it began and transferred back to her old job working for Family Court.

15. The racial discrimination and harassment that Plaintiff was subjected to was not new. Caucasian employees who trained under Ms. Russell before Plaintiff were also subjected to the same treatment.

16. During the time Plaintiff was employed by the City, she performed her job duties at or above expectations.

17. On November 8, 2024, Plaintiff filed a complaint/grievance of race discrimination, harassment and hostile work environment.

18. On November 8, 2024, due to the severe and pervasive hostile work environment that Plaintiff was subjected to, Plaintiff resigned from her employment with the City.

19. Respondent's aforesaid actions constitute, discrimination, harassment, hostile work environment, constructive discharge and retaliation in violation Title VII of the 1964 Civil Rights Act and PHRA.

20. The aforesaid actions Constitute crass harassment and discrimination.

21. The aforesaid harassment was pervasive and caused Plaintiff to work in a hostile work environment.

22. At all times relevant, Defendant provided preferential treatment to African-American and Black employees.

23. Defendants' aforesaid actions race and color discrimination in violation of Title VII and the PHRA.

**Count I - Title VII v. Defendant PSP**

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though same were fully set forth at length herein.



Case ID: 260401458

25. Plaintiff has exhausted her administrative remedies and received a right to sue letter from the EEOC.

26. Defendant City has discriminated against Plaintiff because of her race and color in violation of 42 U.S.C. § 2000e *et seq.*

27. Defendant's aforesaid adverse actions, including constructive discharge from employment, against Plaintiff regarding the terms and conditions of her employment violated Title VII because it was based on Plaintiff's race and color.

28. Any non-discriminatory and/or non-retaliatory reasons offered by Defendant City for its aforesaid actions are false, were falsely trumped-up and constitute a pretext.

29. Defendant City's aforesaid discriminatory actions against Plaintiff constitute race and color discrimination in violation of 42 U.S.C. § 2000e *et seq.*

30. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits, humiliation, embarrassment, mental anguish, pain and suffering and other injuries.

31. Plaintiff seeks all damages allowable under Title VII, including back pay, front pay, compensatory damages, counsel fees and costs of suit.

**<u>Count II - State Law Claims v. Defendant PSP</u>**

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though same were fully set forth at length herein.

33. The conduct of Defendant City as alleged in the foregoing claims for relief constitutes discrimination in violation of the Pennsylvania Human Relations Act and other State and Local laws and ordinances.

34. Defendant City has at all times material to the foregoing claims acted willfully and

with malice toward Plaintiff. Defendant City knew, or reasonably should have known, that the aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendant took no action to cease its wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of her race and color, and because she had engaged in protected activity on multiple occasions.

**JURY DEMAND**

Plaintiff demands a trial before twelve jurors.

**WHEREFORE**, Plaintiff, Jacqueline Foglietta Monzo, respectfully requests that this honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, and such other monetary relief the Court deems just;

b. That Plaintiff recover from Defendant his costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law;

c. That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

WJ Fox
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff

**VERIFICATION**

I, Jacqueline Foglietta Monzo, Plaintiff in this action, hereby verify that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

I understand that the statements made in said pleading are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

Date: 8/3/24

Jacqueline Foglietta Monzo

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jacqueline Foglietta Monzo

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Fox, Esq. 100 N. 20th Street, Suite 303, Philadelphia, PA 19103, 215-546-2477

## DEFENDANTS

City of Philadelphia

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Megan Malone, Esq., Deputy City Solicitor, City of Phila. Law Dept., 1515 Arch Street, Philadelphia, PA 19102, 215-683-5451

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1347

Brief description of cause:
Plaintiff alleges race discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
8/24/2026

SIGNATURE OF ATTORNEY OF RECORD
Megan Malone

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:______________________________

***RELATED CASE IF ANY:*** Case Number:______________ Judge:______________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):______________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*______________ ______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JACQUELINE FOGLIETTA MONZO** **Civil Action**

**v.**

**CITY OF PHILADELPHIA,**

**No.**

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( **X** )

| | | |
|---|---|---|
| August 24, 2026 | **Megan Malone, Esq.** | **City of Philadelphia** |
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5451** | **215-683-5398** | **Megan.Malone@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02